IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH CARTER,      Plaintiff,    vs.  CITY OF CHICAGO, a municipal corportation, OFFICER JERRY DOSKOCZ, Star # 6573, a Chicago Police Officer, in his individual capacity, OFFICER KENNETH FLAHERTY, Star # 13584, a Chicago Police Officer, in his individual capacity, OFFICER MICHAEL BILINA, Star # 3707, a Chicago Police Officer, in his individual capacity,      Defendants. | **08 C 870**  **JUDGE GOTTSCHALL** **MAGISTRATE JUDGE ASHMAN** |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on February 21, 2007, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Doskocz, Flaherty and Bilina who were acting under color of law and in the course and scope of their employment with the City of Chicago.

Facts

5. On or about February 21, 2007, the Plaintiff was in the vicinity of 5022 S. Elizabeth Street, Chicago, Illinois.

6. Plaintiff was walking out of a building at that location when Defendants Doskocz and Flaherty approached Plaintiff.

7. Then and there, Defendants Doskocz and Flaherty illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

8. Defendants Doskocz and/or Flaherty handcuffed Plaintiff unreasonably tight therefore causing pain to Plaintiff's wrists.

9. Plaintiff was eventually transported to District 009 Headquarters for processing.

10. While at District 009, Plaintiff requested for a Sergeant because of the pain caused by the handcuffs.

11. Then and there, Defendant Bilina punched Plaintiff in the face and Plaintiff fell to the ground.

12. While on the ground, Defendants Doskocz, Flaherty and/or Bilina began repeatedly kicking Plaintiff in his side.

13. As the proximate result of all the aforementioned actions by Defendants Doskocz, Flaherty and Bilina, the Plaintiff suffered bodily injury, pain and suffering and medical expenses.

14. Thereafter, Plaintiff was charged with a felony offense, which was terminated in the Plaintiff's favor on March 15, 2007, in a manner consistent with the innocence of the Plaintiff.

## COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendants Doskocz, Flaherty and Bilina)

15. Plaintiff re-alleges all prior allegations.

16. The actions of Defendants Doskocz, Flaherty and/or Bilina in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

17. As the proximate result of all of the aforementioned actions by Defendants Doskocz, Flaherty and/or Bilina, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Doskocz, Flaherty and/or Bilina and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendant Chicago Police Officers Doskocz, Flaherty and/or Bilina)

18. The Plaintiff re-alleges what has been previously alleged in this complaint.

19. The actions or inaction of Defendant Chicago Police Officers Doskocz, Flaherty

and/or Bilina in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendant Chicago Police Officers Doskocz, Flaherty and/or Bilina because they acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT III – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendants Doskocz and Flaherty)

20. Plaintiff re-alleges what has been previously alleged in this Complaint.

21. The actions of Defendants Doskocz and Flaherty in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

22. As the proximate result of all the aforementioned actions by Defendant Doskocz and Flaherty, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Doskocz and Flaherty and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action,

plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT IV – Illinois State Law Claim of Battery (respondeat superior)

(Plaintiff v. Defendant City of Chicago)

23. Plaintiff re-alleges what has been previously alleged in this Complaint.

24. One or more police officers with the Defendant City of Chicago, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

25. The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

26. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT V – Illinois State Law Claim of False Imprisonment

(Plaintiff v. Defendant City of Chicago)

27. Plaintiff re-alleges what has been previously alleged in this Complaint.

28. One or more police officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was

done without legal justification.

29. The actions of one or more police officers with the City of Chicago were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

30. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT VI – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v Defendants Doskocz, Flaherty and City of Chicago)

31. Plaintiff re-alleges what has been previously alleged in this Complaint.

32. Plaintiff was falsely charged by Defendants Doskocz and Flaherty with both felony and misdemeanor offenses, even though Defendants Doskocz and Flaherty knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendants took such actions with malice intent to prosecute the Plaintiff in an effort to cover-up the actions of themselves and all the other Defendants.

33. Defendants Doskocz and Flaherty's actions played a substantial role in the prosecution of the Plaintiff.

34. In taking these actions, Defendants Doskocz and Flaherty acted within the course and scope of their employment with the City of Chicago, and thus the City of Chicago is

liable based on the theory of respondeat superior.

35. On March 15, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

36. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

WHEREFORE, Plaintiff demands compensatory damages against Defendants Doskocz, Flaherty and City of Chicago, plus punitive damages against Doskocz and Flaherty, plus costs, and other and additional relief as this court deems equitable and just.

## COUNT VII – Indemnification

(Plaintiff v. City of Chicago)

37. Plaintiff re-alleges what has been previously alleged in this Complaint.

38. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Doskocz, Flaherty and Bilina, who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Doskocz, Flaherty and Bilina be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: _____

Brian J. Barrido
One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)