THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 870 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| OFFICER JERRY DOSKOCZ, Star # 6573, | ) | Judge Gottschall |
| a City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | Magistrate Judge Ashman |
| OFFICER KENNETH FLAHERTY, Star # 13584, | ) | |
| a City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| OFFICER MICHAEL BILINA, Star # 3707, | ) | |
| a City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, the City of Chicago ("City"), and Officers Doskocz, Flaherty, and Bilina ("Defendants"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, make the following answer, defenses, and jury demand to Plaintiff's Complaint.

### Jurisdiction/Venue

1. This incident occurred on February 21, 2007, in the City of Chicago, County of Cook, Illinois.

**ANSWER:** **Defendants admit that the underlying incident occurred on February 21, 2007, in the City of Chicago, County of Cook, Illinois, but deny that the incident occurred as Plaintiff alleges, and deny any wrongdoing.**

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a)

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

**Parties**

3.     At all relevant times pertaining to this occurrence Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:     Defendants, upon information and belief, admit the allegations contained in this paragraph.**

4.     At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Doskocz, Flaherty, and Bilina who were acting under color of law and in the course and scope of their employment with the City of Chicago.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

**Facts**

5.     On or about February 21, 2007, the Plaintiff was in the vicinity of 5022 S. Elizabeth Street, Chicago, Illinois.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

6.     Plaintiff was walking out of a building at that location when Defendants Doskocz and Flaherty approached Plaintiff.

**ANSWER:     Defendant City and Defendant Officers Doskocz and Flaherty admit that they approached Plaintiff at that location, but deny the remaining allegations in this paragraph. Defendant Bilina lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.**

7.     Then and there, Defendants Doskocz and Flaherty illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

**ANSWER:     Defendant City and Defendant Officers Doskocz and Flaherty deny the allegations contained in this paragraph. Defendant Bilina lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.**

8.     Defendants Doskocz and/or Flaherty handcuffed Plaintiff unreasonably tight therefore

causing pain to Plaintiff's wrists.

**ANSWER:** **Defendant City and Defendants Doskocz and Flaherty admit that Defendant Doskocz handcuffed Plaintiff, but deny the remaining allegations contained in this paragraph. Defendant Bilina lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.**

9. Plaintiff was eventually transported to District 009 Headquarters for processing.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

10. While at District 009, Plaintiff requested for a Sergeant because of the pain caused by the handcuffs.

**ANSWER:** **Defendant City and Defendants Doskocz and Flaherty deny the allegations in this paragraph. Defendant Bilina denies the allegations in this paragraph as to the request being made in his presence, but lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.**

11. Then and there, Defendant Bilina punched Plaintiff in the face and Plaintiff fell to the ground.

**ANSWER: Defendants admit that Bilina punched Plaintiff at some point in time, but deny the remaining allegations and the sequence of events in this paragraph.**

12. While on the ground, Defendants Doskocz, Flaherty and/or Bilina began repeatedly kicking Plaintiff in his side.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

13. As the proximate result of all the aforementioned actions by Defendants Doskocz, Flaherty and Bilina, the Plaintiff suffered bodily injury, pain and suffering and medical expenses.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

14. Thereafter, Plaintiff was charged with a felony offense, which was terminated in the Plaintiff's favor on March 15, 2007, in a manner consistent with the innocence of the

3

Plaintiff.

**ANSWER:** **Defendants admit that Plaintiff was charged with a felony offense, but deny the remaining allegations and the sequence of events alleged in this paragraph.**

### COUNT I - 42 U.S.C. & 1983 Excessive Force
(Plaintiff v Defendants Doskocz, Flaherty and Bilina)

15.     Plaintiff re-alleges all prior allegations.

**ANSWER:** **Defendants re-assert all prior answers as if fully set forth herein.**

16.     The actions of Defendants Doskocz, Flaherty and/or Bilina in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

17.     As the proximate result of all of the aforementioned actions by Defendants Doskocz, Flaherty and/or Bilina, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count I of Plaintiff's Complaint, and any other relief this Court deems appropriate.**

### COUNT II- 42 U.S.C. &1983 Failure to Intervene
(Plaintiff v. Defendant Chicago Police Officers Doskocz, Flaherty and/or Bilina)

18.     The Plaintiff re-alleges what has been previously alleged in this complaint.

**ANSWER:** **Defendants re-assert all prior answers as if fully set forth herein.**

19.     The actions or inaction of Defendant Chicago Police Officers Doskocz, Flaherty and/or Bilina in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more

fully above.

> **ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count II of Plaintiff's Complaint, and any other relief this Court deems appropriate.

### COUNT III- 42 U.S.C. & 1983 False Arrest
(Plaintiff v. Defendants Doskocz and Flaherty)

20. Plaintiff re-alleges what has been previously alleged in this Complaint.

> **ANSWER:** Defendants re-assert all prior answers as if fully set forth herein.

21. The actions of Defendants Doskocz and Flaherty in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

> **ANSWER:** Defendants deny the allegations contained in this paragraph.

22. As the proximate result of all the aforementioned actions by Defendant Doskocz and Flaherty, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological damage and medical expenses.

> **ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count III of Plaintiff's Complaint, and any other relief this Court deems appropriate.

### COUNT IV - Illinois State Law Claim of Batter (respondeat superior)
(Plaintiff v. Defendant City of Chicago)

23. Plaintiff re-alleges what has been previously alleged in this Complaint.

> **ANSWER:** Defendants re-assert all prior answers as if fully set forth herein.

24. One or more polite officers with the Defendant City of Chicago, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or

5

offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

25. The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

26. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count IV of Plaintiff's Complaint, and any other relief this Court deems appropriate.**

### COUNT V - Illinois State Law Claim of False Imprisonment
(Plaintiff v. Defendant City of Chicago)

27. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** **Defendants re-assert all prior answers as if fully set forth herein.**

28. One or more police officers with the City of Chicago, placed handcuffs on the Plaintiff and arrested him, thus restricting his freedom of movement, and this was done without legal justification.

**ANSWER:** **Defendant City and Defendants Doskocz and Flaherty admit that Defendant Doskocz handcuffed Plaintiff and that Defendants Dokocz and Flaherty arrested Plaintiff, thus restricting his freedom of movement, but deny the remaining allegations contained in this paragraph. Defendant Bilina lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.**

29. The actions of one or more police officers with the City of Chicago were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

30. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** **Defendants admit that at all relevant times they were acting within the scope of their employment, but deny the allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count V of Plaintiff's Complaint, and any other relief this Court deems appropriate.**

### COUNT VI - Illinois State Law Claim of Malicious Prosecution
(Plaintiff v Defendants Doskocz, Flaherty and City of Chicago)

31. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** **Defendants re-assert all prior answers as if fully set forth herein.**

32. Plaintiff was falsely charged by Defendants Doskocz and Flaherty with both felony and misdemeanor offenses, even though Defendants Doskocz and Flaherty knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendants took such actions with malice intent to prosecute the Plaintiff in an effort to cover-up the actions of themselves and all the other Defendants.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

33. Defendants Doskocz and Flaherty's actions played a substantial role in the prosecution of the Plaintiff.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

34. In taking these actions, Defendants Doskocz and Flaherty acted within the course and scope of their employment with the City of Chicago, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** **Defendants admit that at all relevant times they were acting within the scope of their employment, but deny the allegations contained in this paragraph.**

35.     On March 15, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

36.     As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count VI of Plaintiff's Complaint, and any other relief this Court deems appropriate.**

### COUNT VII -Indemnification
(Plaintiff v. City of Chicago)

37.     Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:**     **Defendants re-assert all prior answers as if fully set forth herein.**

38.     Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Doskocz, Flaherty and Bilina, who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:**     **Defendants admit that the City of Chicago is the indemnifying entity for Defendant Officers Doskocz, Flaherty, and Bilina, and that the officers were acting under color of law and in the course and scope of their employment with the City of Chicago at all times relevant to this lawsuit, but deny the remaining allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count VII of Plaintiff's Complaint, and any other relief this Court deems appropriate.**

## FIRST AFFIRMATIVE DEFENSE

Defendant Officers are government officials who perform discretionary functions. As to the federal claims against Defendants, at all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, and verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with a degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## FOURTH AFFIRMATIVE DEFENSE

As to all state law counts, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any of the claims alleged because the decision to arrest and charge Plaintiff and to restrain Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Defendants are not liable for any of the state-law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable for any of Plaintiff's alleged state-law claims because a public employee, as such and acting within the scope of their employment, are not liable for an injury caused by the good faith enforcement of a law that is unconstitutional, invalid or inapplicable, except to the extent they would have been liable had the enactment been constitutional, valid and applicable. 745 ILCS 10/2-203.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any of Plaintiff's alleged state-law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## EIGHTH AFFIRMATIVE DEFENSE

As to Plaintiff's state-law claims, under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

## NINTH AFFIRMATIVE DEFENSE

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants are liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.

At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## TENTH AFFIRMATIVE DEFENSE

As to Plaintiff's state-law claims, Defendants are not liable for failure to provide adequate police protections or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. 745 ILCS 10/4-102.

## ELEVENTH AFFIRMATIVE DEFENSE

As to all state claims, Defendants are not liable to pay punitive or exemplary damages in actions brought against the employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused. 745 ILCS 10/2-213

## JURY DEMAND

The City of Chicago and Defendant Officers Doskocz, Flaherty, and Bilina, respectfully demand a trial by jury.

**DATED: APRIL 7, 2008**

                                                        Respectfully submitted,

                                                        /s/ David Selmer
                                                        DAVID N. SELMER
                                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972